In the Matter of M. ROBERT SASLAW et al., Constituting the Board of Education of the Union Free School District No. 2 of the Town of Poughkeepsie, et al., Respondents, *v.* EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Appellant.

Third Department, January 20, 1971.

476

*Robert D. Stone* and *John P. Jehu* for appellant.

*Scheinman & Kalter* (*Louis B. Scheinman* of counsel), for respondents.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered August 13, 1970 in Albany County in a proceeding under article 78 of the CPLR, which ordered respondent Ewald B. Nyquist, Commissioner of Education of the State of New York, to grant State building aid to the petitioner school district for construction of its high school, and for other construction which it may lawfully undertake.

On July 22, 1969 petitioners, the Board of Education of Union Free School District No. 2 of the Town of Poughkeepsie, also known as the Spackenkill School District, applied to the Commissioner of Education for building aid apportionment for a proposed new high school building which application was, by letter dated July 25, 1969, denied on the ground that the district was not eligible for building aid pursuant to paragraph c of subdivision 1 of section 2040 of the Education Law.

In a prior proceeding the denial by the Commissioner of Education of Spackenkill's application for the registration of a high school was reversed. (*Matter of Carter v. Allen*, 25 N.Y 2d 7.) While the *Carter* case dealt with the question of registration of a high school, this proceeding deals solely with the question of State building aid for the proposed new senior high school and the interpretation of paragraph c of subdivision 1 of section

2040 of the Education Law. This section which became effective on July 2, 1965, insofar as it is pertinent here, provides: " any school district which has not maintained a home high school for grades seven through twelve or any school district which employed fewer than eight teachers continuously for a period of five years ending on July first, nineteen hundred sixty-eight shall, as of such date, cease to be eligible to receive any increase in building aid which may be payable and to which such district would otherwise be entitled to receive upon such date, except for such additional amounts as may be computed as due on debt service already incurred, and the commissioner shall not pay any such additional state building aid to such district commencing with the fiscal year following such date ".

This subdivision was amended by the Laws of 1969, effective May 12, 1970 to afford such aid where a certificate of compliance with the provisions of paragraph a of subdivision 10 of section 3602 had been received by a school district during the school year 1967–68. No such certificate having been issued to the Spackenkill District, the 1969 amendment has no application to this proceeding.

Petitioners have not alleged that the school district has ever maintained a home high school for grades 7 through 12, and apparently it is conceded that grades 10 through 12 have been, and still are educated by the Poughkeepsie City School District. The section in question which became effective July 2, 1965, establishes a category of school districts, as of certain dates, and eliminates such districts from receiving increases in State building aid. The proper interpretation of the section, as it applies here, is that if the school district did not maintain a home high school continuously during the five-year period ending July 1, 1968, it shall as of July 1, 1968 cease to be eligible for increases in State building aid.

Admittedly, the Spackenkill District had not maintained a home high school continuously for a period of five years on July 1, 1968, thus the Commissioner was prohibited by the statute from paying any additional State building aid to the district, although it was on the other hand entitled to registration of a high school.

Upon this proceeding we have not considered the effect of petitioner's 1967 application for building aid for the reason that the validity of the Commissioner's reaffirmation order has not been determined and is the subject of a separate proceeding under section 314 of the Education Law.

Petitioner's argument that the Commissioner's attempt to deny State building aid to the district denies the district equal

protection of the laws and due process of law, is without merit. The Commissioner was clearly prohibited by the statute from granting such aid. Further, the petitioners present no facts from which it may be discerned that the statute itself unfairly discriminates against them or that there was no reasonable basis for the enactment thereof by the Legislature.

Petitioners' further argument that the 1969 amendment to paragraph c of subdivision 1 of section 2040 entitles it to additional State aid is equally without merit. That amendment contains a proviso requiring a certificate of compliance with the provisions of paragraph a of subdivision 10 of section 3602 of the Education Law, and it is clear that the district is not entitled to such a certificate. The judgment of Special Term should, therefore, be reversed.

The judgment should be reversed, on the law, with costs, and petition dismissed.

HERLIHY, P. J. (dissenting). The petitioning school district (Spackenkill) in this proceeding has an elementary and secondary pupil population of about 2,500 students and employs about 129 staff personnel. It is apparent that the school district is neither small nor nominal. The school district has for many years maintained home schools in which it has provided educational facilities for all of its students in the grades kindergarten through 9 and has contracted with the neighboring Poughkeepsie City School District on an annual basis for the education of its pupils in grades 10 through 12.

The trial court has determined that the only reason the school district did not have a complete home high school program in effect in 1968 was because of the appellant's refusal to certify such a program and that such refusal was based upon a regulation which has since been declared invalid. (See *Matter of Carter* v. *Allen*, 25 N Y 2d 7.) Based upon the past and present litigation it must be concluded that the appellant is intent upon forcing the consolidation of Spackenkill and the Poughkeepsie City School District.

The sole issue upon this appeal is whether or not the Commissioner was prohibited by the provisions of paragraph c of subdivision 1 of section 2040 of the Education Law as the same existed after amendment by chapter 745 of the 1965 Laws of New York from apportioning building aid to Spackenkill for its school construction programs on and after the date of July 1, 1968 as specified in the said subparagraph.

The appellant and the majority herein have concerned themselves with an attempt to construe the proviso part of the subject paragraph c which purports to cut off additional building

aid as if such language were a separate and individual section of the Education Law. It is well established that in considering statutory language all parts of an act should be read and construed together to determine the intent of the Legislature and that insofar as the same is possible all parts of the enactment should be harmonized with each other and with what appears to be the general intent of the entire enactment. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 97, 98 and cases therein cited.)

Prior to its amendment in 1965 the subject section 2040 permitted school districts to provide for the education of all of their elementary and secondary pupils either in whole or in part by contracting for the use of educational facilities in other school districts. This section of the Education Law prior to 1965 contained no provisions which would in any way result in the loss of State aid for building programs because of its use of a system of contract education.

The pertinent provisions of subdivision 1 of section 2040 as amended in 1965 are as follows:

" 1. [Any school district may decide] * * *

" (a) [Not to maintain a home school, but to contract for the education of all its elementary pupils] * * * provided, however, that any school district which has not maintained a home school continuously for a period of four years ending July first, nineteen hundred sixty-six [shall be abolished] * * *

" (b) To contract for the education of *part* of the elementary pupils of such district in another school district in this state or in an adjoining state *and maintain* a home school;

" (c) To contract for a period of not less than two and not more than five years for the education of *all* the high school pupils of grades seven to twelve, *inclusive,* of such district in another school district in this state or in an adjoining state, instead of maintaining a home high school for such grades, *provided,* however, that any school district which has not maintained a home high school for grades seven through twelve or any school district which employed fewer than eight teachers continuously for a period of five years ending on July first, nineteen hundred sixty-eight shall, as of such date, cease to be eligible to receive any increase in building aid which may be payable and to which such district would otherwise be entitled to receive upon such date, except for such additional amounts as may be computed as due on debt service already incurred, and the commissioner shall not pay any such additional state building aid to such district commencing with the fiscal year following such date.

" (d) [To contract for the education of] *some* of the pupils of grades seven to twelve, *inclusive,* of such district in another school district * * * provided that such district maintains a home high school for such grades." (Emphasis added.)

I disagree with the conclusion of the majority that under the provisions of paragraph (c) of subdivision 1 of section 2040 that a school district had to maintain a home high school for a continuous period of five years prior to July 1, 1968 in order to qualify for additional building aid. This limitation was intended to apply to a district which has not had such home educational facilities as to require the employment of more than eight teachers. If a high school had been constructed shortly before July 1, 1968 it could not reasonably be contended that the district would not be entitled to " building aid " under the provisions of the statute.

To determine whether or not Spackenkill is prohibited from additional building aid under section 2040 it must be decided if paragraph (c) was intended to apply to a school district which provided educational facilities for a portion of the grades specified therein as constituting a " home high school ".

It would seem apparent that the only power conferred therein upon a school district and to which the exclusion from building aid is directly attached is the power to contract for the education of *all* of the pupils or grades constituting a home high school. The apparent intent of the Legislature was to force the consolidation of those school districts which did not provide educational facilities for any of the designated high school grades with those districts which were providing such facilities. Spackenkill has not failed to provide educational facilities for *all* of the designated high school grades. Although the Commissioner refers in his main brief to the fact that Spackenkill has never maintained a *senior* high school the statute does not purport to cut off additional building aid to those school districts which have only failed to provide such senior high school facilities.

In particularizing the power of the school district to contract for the education of high school pupils in paragraph (c) the Legislature stated that such power was for *all* the pupils in " grades seven to twelve, *inclusive* " but omitted the word " inclusive " when it referred to grades seven through twelve in the building aid exclusionary language. Further, the Legislature utilized the word " inclusive " when it granted the power to contract for a portion of the high school pupils in paragraph (d). The use of the word " inclusive " in reference to the power to contract and the failure to so specify in regard to what con-

stitutes a "home high school" indicates that the exclusionary provisions were not intended to apply to those districts which were providing home educational facilities beyond the sixth grade and employed more than eight teachers continuously for the five-year period preceding July 1, 1968.

The Commissioner in his brief acknowledges that building aid was given the petitioners in the construction of a Junior High School [notice is taken that a Junior High School includes grades seven through nine]. He refers repeatedly to K–12 home high school and to a senior high school, but the statute does not contain such language. The proponents of the legislation in 1965 chose the language to express what was the intent and purpose of the statute and, therefore, it should be strictly construed. The fact that Spackenkill is a district which has maintained a home school from grades seven through nine is conclusive that the statute is not applicable.

The judgment should be affirmed.

REYNOLDS, GREENBLOTT and COOKE, JJ., concur with STALEY, JR., J; HERLIHY, P. J., dissents, and votes to affirm, in an opinion.

Judgment reversed, on the law, with costs, and petition dismissed.